IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL WILLIAMS, as administrator of the, Estate of CHARLES EDWARD WILLIAMS, Deceased.<br><br>    *Plaintiff*,<br><br>vs.<br><br>WHITE COUNTY, TENNESSEE; *et al.*,<br><br>    *Defendants*. | Case No.: 2:2-cv-00002<br>Judge<br>Magistrate Judge<br><br>JURY DEMANDED |

## ANSWER

White County, Tennessee, Cliff Antobelli, Nate Theiss, and Steve Page answer the complaint filed against them as follows:

### INTRODUCTION

1. Defendants acknowledge that Plaintiff filed a civil rights action challenging entry into a house and the shooting of Charles Williams. Defendants admit that Mr. Williams was shot by Altobelli and that Williams had a wallet in his hand.

2. Defendants acknowledge that Michael Williams brings this action as the administrator for the estate of Charles Williams and the action is brought pursuant to 42 U.S.C § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. Defendants acknowledge that Plaintiff seeks damages but deny he is entitled to any.

### JURISDICTION AND VENUE

4. Defendants admit the Court has jurisdiction.

5. Defendants admit venue is proper with the Court.

6. Defendants admit that the Court has the authority to exercise pendent jurisdiction pursuant to 28 U.S.C § 13267(a) but reserve the right to request the court refuse to exercise this jurisdiction.

## PARTIES

7. Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations in the first two sentences of Paragraph 9 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

## FACTS

13. Defendants admit that some employees knew who Charles Williams was. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that Defendant Theiss had interactions with Mr. Williams and that some were nonviolent.

15. Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 15 of the Complaint.

16. Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in the first sentence of Paragraph 30 of the Complaint. Defendants admit the allegations contained in the second sentence of Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit the allegations contained in Paragraph 32 of the Complaint but would add that the neighbor was at work all day and had just recently returned.

33. Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit the allegations contained in the first sentence of Paragraph 36 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 19 of the Complaint.

37. Defendants admit that Defendant Theiss contacted Assistant District Attorney Russell Tribble about the forced entry. Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendants admit the allegations contained in Paragraph 38 of the Complaint but deny that this is all the information that was relayed to ADA Tribble.

39. Defendants admit the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit the allegations contained in Paragraph 42 of the Complaint but submit that the interactions described in this paragraph are captured on audio/video recordings and Defendants submit these records present the best evidence of what did and did not happen and to the extent what is captured on the audio/video recordings is different than what is alleged in the Complaint, Defendants intend to rely on the audio/video recordings.

43. Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44. Defendants admit the allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit the allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny that Plaintiff can determine what Mr. Williams saw or was thinking but admit that he abruptly turned, pulled something out of his pocket, screamed "freeze, freeze" while running at Altobelli, arms flailing.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint. Defendants admit that Mr. Williams abruptly turned, pulled something out of his pocket, screamed "freeze, freeze" while running at Altobelli, arms flailing.

51. Defendants admit that Altobelli fired one shot at Williams but deny the remaining allegations contained in Paragraph 51 of the Complaint.

52. Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53. Defendants admit the allegations contained in Paragraph 53 of the Complaint but submit that the interactions described in this paragraph are captured on audio/video recordings and Defendants submit these records present the best evidence of what did and did not happen and to the extent what is captured on the audio/video recordings is different than what is alleged in the Complaint, Defendants intend to rely on the audio/video recordings.

54. Defendants admit the allegations contained in Paragraph 52 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I

55. No response is necessary.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

### COUNT II

60. No response is necessary.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

## COUNT III

69. No response is necessary.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint

## COUNT VI [sic]

79. No response is necessary.

80. Defendants admit the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants acknowledge action is brought under the GTLA and admit that the individual defendants were acting in the course and scope of their employment. Defendants deny the remaining allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

## COUNT VIII [sic]

91. No response is necessary.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny all allegations in the Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Specifically, but without waiving any further defenses, Plaintiff's Complaint should be dismissed, in whole or in part, for the following reasons:

    a. Plaintiff's Fourth Amendment forced entry claim fails because Defendants had an arrest warrant for Mr. Williams and a reasonable belief that he was inside.

b. Plaintiff's Fourth Amendment excessive force claim fails because Altobelli had probable cause to believe that Mr. Williams was a danger of serious harm or death to either himself or others.

c. The Complaint fails to allege sufficient facts to establish municipal liability under *Monell*.

d. The Complaint fails to allege sufficient facts to establish supervisory liability.

e. Plaintiff's state law claims against White County are barred by the Tennessee Governmental Tort Liability Act ("GTLA").

f. Tenn. Code Ann. § 8-8-302 is preempted by federal law.

2. The individual defendants assert qualified immunity as an affirmative defense to both the federal and state law claims.

3. Defendants assert all immunities and restrictions set forth in the GTLA as an affirmative defense.

4. Defendants assert advise of counsel as an affirmative defense to the unlawful entry claim.

5. Defendants reserve the right to amend this Answer to add additional affirmative defenses as discovery progresses.

**Defendants demand a jury to try this cause.**

Respectfully Submitted By,

**THE ORTALE KELLEY FIRM**

/s/ Michael T. Schmitt
Michael T. Schmitt, BPR #026573
*Attorney for Defendants*
330 Commerce Street, Suite 110
Nashville, TN 37201
mschmitt@ortalekelley.com
615-256-9999
615-726-1494 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on March 29, 2022 a true and exact copy of this Answer has been served through the Court's CM/ECF system on the following:

Richard M. Brooks
130 Third Avenue West
Carthage, TN 37030
615.735.0807
615.735.1921 (Fax)
utkrmb@comcast.net

*Attorney for Plaintiff*

/s/ Michael T. Schmitt
Michael T. Schmitt