# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL WILLIAMS, as administrator of the, Estate of CHARLES EDWARD WILLIAMS, Deceased. | )<br>)<br>)<br>) |
| *Plaintiff*, | ) Case No: 2:22-cv-00002-WDC-aen<br>) |
| vs. | )<br>) |
| WHITE COUNTY, TENNESSEE; *et al.*, | ) JURY DEMANDED<br>) |
| *Defendants*. | ) |

## MOTION FOR JUDGMENT ON PLEADINGS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants White County, Tennessee, Cliff Altobelli, Nate Theiss, and Steve Page, acting by and through counsel, move the Court for an order dismissing the Complaint filed against them. In support of this Motion, Defendants would show the following:

- Theiss, Altobelli, and Page are entitled to qualified immunity for the claims asserted against them under both 42 U.S.C. § 1983 and Tennessee state law. Specifically, their entry into the residence to execute the arrest warrant for Williams did not violate clearly established law. To the contrary, the Complaint itself shows the decision was reasonable. Plaintiff's excessive-force claim against Altobelli similarly fails because the allegations in the Complaint, when viewed in conjunction with the video evidence attached hereto, show that Altobelli's decision to use deadly force did not violate clearly-established law.

- Plaintiff's official-capacity claims are repetitive and duplicate the claim against White County and should therefore be dismissed.

- Plaintiff's municipal and supervisory liability claims brought against White County are premised on conclusory, boilerplate language and fail to state a claim upon which relief may be granted.

- Plaintiff's state law negligence claims against White County are barred by the Tennessee Governmental Tort Liability Act ("GTLA"). Further, Plaintiff cannot rely on Tenn. Code Ann. § 8-8-302 to impute liability to White County for the individual

defendants' intentional acts because the individuals are protected by qualified immunity; there is no immunity to impute.

In further support of this Motion, Defendants submit a supporting Memorandum and will separately file Defendant Antobelli's body camera video footage of the incident described in the Complaint.[1] This footage is incorporated herein by reference as Exhibit 1.

Wherefore, Defendants request that the Court enter an order dismissing Plaintiff's Complaint for the reasons set forth herein, as expounded upon in the supporting Memorandum. Defendants request such further relief as the Court deems equitable and appropriate.

>Respectfully Submitted By,
>
>THE ORTALE KELLEY FIRM
>
>/s/ Michael T. Schmitt
>Michael T. Schmitt, BPR #026573
>*Attorney for Defendants*
>330 Commerce Street, Suite 110
>Nashville, TN 37201
>mschmitt@ortalekelley.com
>615-256-9999
>615-726-1494 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on August 18, 2022 a true and exact copy of this Motion has been served through the Court's CM/ECF system on the following:

Richard M. Brooks
130 Third Avenue West
Carthage, TN 37030
615.735.0807
615.735.1921 (Fax)
utkrmb@comcast.net
*Attorney for Plaintiff*

>/s/ Michael T. Schmitt
>Michael T. Schmitt

---

[1] *See* Order (ECF No. 19) granting Motion for Leave to Manually File Exhibit (ECF No. 18).